UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SYLVIA EMIABATA et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE CORPORATION et al.,<br><br>    Defendants. | Case No. 3:23-cv-00263<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This diversity action is one of several federal cases that pro se Plaintiffs Sylvia Emiabata and Philip Emiabata have filed against Defendants Farmers Insurance Corporation and Farmers Texas County Mutual Insurance Company (collectively, Farmers) regarding insurance coverage for a car wreck that occurred in February 2016.[1] (Doc. No. 1.) Farmers has moved to dismiss the Emiabatas' complaint under Federal Rule of Civil Procedure 12(b) for insufficient service of process, lack of personal jurisdiction, and improper venue. (Doc. No. 23.) The Emiabatas did not

---

[1] The Emiabatas' other federal actions have been dismissed. *See Emiabata v. Farmers Ins. Corp.*, Case No. 3:21-cv-00477, 2023 WL 2242315 (M.D. Tenn. Feb. 27, 2023) (dismissing action for insufficient service of process, lack of personal jurisdiction, and improper venue), *appeal dismissed*, Case No. 23-5254, 2024 WL 1348101 (6th Cir. Jan. 30, 2024); Order, *Emiabata v. Farmers Ins.*, No. 3:17-cv-00384 (M.D. Tenn. Mar. 20, 2017), ECF No. 3 (dismissing case without prejudice for lack of subject matter jurisdiction); Order, *Emiabata v. Farmers Ins.*, No. 5:18-cv-00021 (W.D. Okla. July 16, 2018), ECF No. 30 (dismissing case without prejudice for lack of subject matter jurisdiction); *Emiabata v. Farmers Ins. Corp.*, No. 3:18-cv-01817, 2019 WL 3716513 (D. Conn. Aug. 7, 2019) (dismissing case for lack of subject matter jurisdiction, failure to establish service of process, and lack of personal jurisdiction), *aff'd*, 848 F. App'x 27 (2d Cir. 2021).

respond to Farmers' motion within the time period provided by this Court's Local Rules. The Court therefore ordered the Emiabatas to show cause why the Magistrate Judge should not recommend that the Court dismiss their claims for their failure to prosecute or for the reasons stated in Farmers' motion to dismiss and why the Court should permit them to file an untimely response in opposition to Farmers' motion. (Doc. No. 24.) The Court further ordered the Emiabatas to file any response in opposition to Farmers' motion to dismiss with their response to the Court's show-cause order. (*Id.*) The Emiabatas responded to the Court's show-cause order and provided a tardy response in opposition to Farmers' motion to dismiss by the deadline set by the show-cause order for them to do so. (Doc. Nos. 28–30.)

For the reasons that follow, the Magistrate Judge will recommend that the Court grant Farmers' motion and dismiss this action without prejudice for insufficient service of process.

**I.      Relevant Background**

The Emiabatas allege that they reside in Connecticut and that they purchased an insurance policy from Farmers in Texas on or about February 19, 2016. (Doc. No. 1.) They allege that, on or about February 23, 2016, they were driving on Interstate 40 in Dickson, Tennessee, when a "[n]ear [m]iss" encounter with another driver caused them to lose control of their car and drive into a ditch. (*Id.* at PageID# 9, ¶ 28c.) The Emiabatas and their passenger were taken by ambulance to a hospital, where they gave statements to police. (Doc. No. 1.) The Emiabatas reported the accident to Farmers and made a claim under their insurance policy, but their efforts to settle that claim were unsuccessful. (*Id.*)

The Emiabatas commenced this action on March 24, 2023, by filing a complaint against Farmers. (*Id.*) The Emiabatas allege that Farmers marketed and sold them a defective insurance policy, and they assert claims including negligence, negligence per se, breach of express warranty,

breach of implied warranty, violation of Texas consumer protection laws, and unjust enrichment. (*Id.*) The Emiabatas seek compensatory and punitive damages. (*Id.*)

The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 4.) The Court explained to the Emiabatas that they "are responsible for effecting service of process on the defendants in accordance with Federal Rule of Civil Procedure 4" and pointed them to "resources for pro se litigants, including forms, handbooks, and information sheets, [ ] available on the court's website." (*Id.* at PageID# 34.)

At the Emiabatas' request, the Clerk of Court issued two summonses on May 9, 2023. (Doc. No. 5.) The first summons is addressed to "Farmer Insurance Corporation" "Customer Service" at "6301 Owens Mouth Ave" in "Woodland Hill[s], CA 91367[.]" (*Id.* at PageID# 35.) The second summons is addressed to "Farmer Texas County Mutual Ins., Company" at "15700 Long Vista Dr." in "Austin[ ], TX 78728." (*Id.* at PageID# 37.) The Court granted the Emiabatas' request for an extension of time until September 2, 2023, to file proof of service. (Doc. Nos. 6, 7.) On September 29, 2023, the Court found that "the Emiabatas ha[d] not filed any proof of service on the defendants and the defendants ha[d] not appeared in this action." (Doc. No. 9, PageID# 46.) The Court therefore ordered the Emiabatas to show cause "by October 20, 2023, why the Magistrate Judge should not recommend that the Court dismiss this action for the Emiabatas' failure to effect service of process on the defendants in accordance with Rule 4(m) and this Court's orders" and further ordered them "to file proof of service on the defendants by October 13, 2023." (*Id.* at PageID# 47.) The Court warned the Emiabatas "that failure to comply with th[e] Order to Show Cause [would] likely result in a recommendation that the Court dismiss this action." (*Id.*)

3

On October 4, 2023, the Emiabatas filed proof of service affidavits, certified mail receipts, and proof of delivery information regarding the summonses. (Doc. No. 10.) The proof of service affidavits state that the Emiabatas effected service via the United States Postal Service (USPS). (*Id.*) The two certified mail receipts bear date stamps showing that, on September 15, 2023, certified mailings were sent from Round Rock, Texas, to "Doran Hohl" at similar addresses in Woodland Hills, California.[2] (*Id.* at PageID# 50, 54.) The proof of delivery information shows that USPS delivered both mailings to a location in Oklahoma City, Oklahoma, on September 25, 2023, and that an individual named "Haven Soos" signed for them. (*Id.* at PageID# 51, 55.)

On November 3, 2023, Farmers filed a motion to dismiss the Emiabatas' complaint under Federal Rule of Civil Procedure 12(b) for insufficient service of process, lack of personal jurisdiction, and improper venue. (Doc. No. 11.) Farmers argued that the Emiabatas "filed an identical Complaint on June 15, 2021," in another action in this Court; that the Court dismissed that action without prejudice on Farmers' motion; and that, to support their motion to dismiss this action, "Farmers rely on the same filings and argument that they pursued in the first lawsuit" because the "current lawsuit . . . should be dismissed on the same grounds." (*Id.* at PageID# 58.) Farmers also filed a short supporting memorandum of law that incorporated by reference their filings in the earlier action. (Doc. No. 11-1.) The Emiabatas responded in opposition to Farmers' motion to dismiss. (Doc. Nos. 18, 19.)

The Court found that Farmers' motion and memorandum of law were procedurally improper because "Farmers ha[d] not cited any legal authority supporting its dismissal arguments, aside from its attempt to incorporate by reference its brief filed in another action[,]" and "[n]othing

---

[2] The address listed on the first certified mail receipt is "6301 Owensmouth Ave[,] Woodland Hills[,] CA 91367" (Doc. No. 10, PageID# 50); the address listed on the second certified mail receipt is "6301 Woodland Hills[,] CA[ ]91367" (*id.* at PageID# 54).

in this Court's Local Rules allows incorporation by reference of briefs filed in a separate action when the cases have not been consolidated[.]" (Doc. No. 21, PageID# 120.) The Court therefore directed the Clerk of Court to administratively terminate Farmers' motion to dismiss without prejudice to Farmers refiling a properly supported motion that complies with the Court's Local Rules. (Doc. No. 21.)

On May 3, 2024, Farmers filed a renewed motion to dismiss the Emiabatas' complaint under Rule 12(b) for insufficient service of process, lack of personal jurisdiction, and improper venue. (Doc. No. 23.) Farmers argues that dismissal is warranted because the Emiabatas did not serve Farmers with process in accordance with Rule 4(h)(1), have not alleged that Farmers has a sufficient connection to Tennessee to establish personal jurisdiction, and have not shown that venue is proper in this district. (Doc. No. 23-5.)

On May 31, 2024, the Court found that the Emiabatas had not responded in opposition to Farmers' renewed motion to dismiss and that the time for them to do so under this Court's Rules had passed. (Doc. No. 24.) The Court therefore ordered the Emiabatas to show cause "by June 20, 2024, why the Magistrate Judge should not recommend that the Court dismiss their claims for their failure to prosecute and why the Court should permit the Emiabatas to file an untimely response in opposition to the defendants' motion to dismiss." (*Id.* at PageID# 168.) The Court further ordered the Emiabatas "to file any response in opposition to the defendants' motion to dismiss by June 20, 2024." (*Id.*)

On the same day the Court entered its show cause order, the Emiabatas filed a "supplemental memorandum of law[ ] in opposition to [Farmers'] motion to dismiss." (Doc. No. 26, PageID# 174.) About three weeks later, on June 17, 2024, the Court received three more filings from the Emiabatas: (1) another, nearly identical "supplemental memorandum of law"

(Doc. No. 28, PageID# 187) in opposition to Farmers' current motion to dismiss; (2) an additional "memorandum of law" (Doc. No. 29, PageID# 200) in opposition to the current motion to dismiss that is nearly identical to the memorandum of law (Doc. No. 19) the Emiabatas filed in opposition to Farmers' earlier motion to dismiss; and (3) a response to the Court's show-cause order (Doc. No. 30). In their response to the show-cause order, the Emiabatas state that they thought their opposition to Farmers' first motion to dismiss "was still pending" at the time they received Farmers' renewed motion to dismiss. (Doc. No. 30, PageID# 230.) They state that they filed their "[s]upplemental [m]emorandum of law in opposition" on May 31, 2024, "to be cautio[us]" and ask the Court to consider their opposition to Farmers' motion to dismiss to be timely filed. (*Id.*) The Emiabatas' argue that they effected service on Farmers in accordance with Rule 4 and due process. (Doc. Nos. 26, 28, 29.) They argue that this Court may assert personal jurisdiction over Farmers "on the basis of [Farmers] transacting business through its subsidiaries in the state of Tennessee . . . ." (Doc. No. 29, PageID# 203.) The Emiabatas also argue that venue is appropriate in this district. (Doc. No. 29.)

**II.    Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's

assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 12(b)(5) authorizes courts to dismiss a complaint for insufficient service of process, including for failure to comply with the service requirements of Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 12(b)(5); *see Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009) (finding that "a motion to dismiss for insufficient service of process—that is, the manner or method of service—is made pursuant to Rule 12(b)(5)"); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (4th ed. suppl. June 2024) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." (footnotes omitted)). Rule 12(b)(2) authorizes courts to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Because proper service of process is a prerequisite to personal jurisdiction, in this context, "'motions pursuant to Rule 12(b)(5) and 12(b)(2) . . . are interrelated and the standards for both motions are the same.'" *Murray v. Wiggins*, Case No. 2:19-cv-00046, 2021 WL 3698898, at *2 n.1 (M.D. Tenn. Aug. 3, 2021) (quoting *Cardenas v. City of Chicago*, No. 08 C 3174, 2010 WL 610621, at *2 (N.D. Ill. Feb. 15, 2010)), *report and recommendation adopted*, 2021 WL 3682643 (M.D. Tenn. Aug. 19, 2021).

"In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits . . . ." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (finding that courts considering Rule 12(b)(5) motions "'may look to "record evidence" and "uncontroverted

7

Case 3:23-cv-00263     Document 36     Filed 12/02/24     Page 7 of 11 PageID #: 264

affidavits" in determining'" sufficiency of service (quoting *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015))). The plaintiff bears the burden to establish that service was proper. *Spencer*, 516 F. Supp. 3d at 758; *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

**III.     Analysis**

Farmers' primary argument in support of dismissal is that the Emiabatas did not effect proper service of process on Farmers under Federal Rule of Civil Procedure 4 and that the Court therefore lacks personal jurisdiction over Farmers. (Doc. No. 23-5.) Alternatively, they argue that venue is not proper in this district. (*Id.*)

Rule 4(h) provides two ways in which plaintiffs can properly serve defendant corporations. First, plaintiffs may accomplish service on a domestic or foreign corporation in a United States judicial district

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). Courts interpreting this rule have found "that delivery means personal delivery, not service by mail." *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted*, 2017 WL 10399393 (M.D. Tenn. May 25, 2017). Here, there is no indication that the Emiabatas caused copies of the summonses and complaint to be personally delivered to an authorized individual. Rule 4(h)(1)(B) therefore is not satisfied.

The second method of service under Rule 4(h) allows for service of a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Fed. R. Civ. P. 4(h)(1)(A). That method of service involves "following state law for serving a summons . . . in the state where the

district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Because this Court is located in Tennessee and the Emiabatas attempted to serve the defendants at California addresses, the Emiabatas may properly serve the defendants by doing so in compliance with Tennessee or California law. The Court explained Tennessee's and California's service requirements in a prior action filed by Sylvia Emiabata against Farmers:

> The Tennessee Rules of Civil Procedure provide that service on a defendant located outside of the state may be made in accordance with Tennessee Rule of Civil Procedure 4.04, in a manner prescribed by the state in which service is effected for an action in courts of general jurisdiction of that state, or as directed by the court. Tenn. R. Civ. P. 4.05(1)(a)–(c). Rule 4.04 provides that a domestic corporation may be served "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or . . . to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). Tennessee law also authorizes service of process by certified mail. Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by certified mail is complete only "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt"). "[U]nder either [Tennessee] or federal procedural rules, a plaintiff bears the burden of demonstrating that he [or she] has served a copy of the summons and complaint on an officer, managing or general agent, or some other agent authorized by appointment or by law to accept service of process on behalf of the defendant corporation." *Pride v. U.S. Smokeless Tobacco Mfg. Co.*, Civ. No. 3:10-0597, 2011 WL 344105, at *2 (M.D. Tenn. Feb. 1, 2011), *report and recommendation adopted*, 2011 WL 734937 (M.D. Tenn. Feb. 23, 2011).
>
> Under California law, a corporation can be served by delivering a copy of a summons and complaint to a list of designated individuals, including the corporation's registered agent, president, chief executive officer, other listed officers and managers, or another person authorized by the corporation to receive service of process. Cal. Civ. Proc. Code § 416.10 (West 2022). Service may also be made on a corporation by mailing a copy of the summons and the complaint to one of the individuals designated in section 416.10. *Id.* §§ 415.30, 416.10. Mailing the summons and complaint to the defendant corporation, rather than one of the designated individuals, does not constitute valid service. *Dill v. Berquist Constr. Co.*, 29 Cal. Rptr. 2d 746, 751 (Cal. Ct. App. 1994). Service by mail is only complete upon execution and return of a written acknowledgement of receipt. Cal. Civ. Proc. Code § 415.30 (West 2022); *see also, e.g., Poorsina v. Tseng*, No. 20-CV-09122, 2022 WL 110649, at *4 (N.D. Cal. Jan. 12, 2022) (citing *Thierfeldt v. Marin Hosp. Dist.*, 35 Cal. App. 3d 186, 199 (1973)) (finding that service by mail

was ineffective when the addressees failed to execute and return a written acknowledgement of service).

*Emiabata v. Farmers Ins. Corp.*, Case No. 3:21-cv-00477, 2023 WL 137464, at *4–5 (M.D. Tenn. Jan. 9, 2023) (alterations in original), *report and recommendation adopted*, 2023 WL 2242315 (M.D. Tenn. Feb. 27, 2023).

The Emiabatas have not shown that they effected service on Farmers in compliance with Tennessee or California law. The Emiabatas have not argued that they effected personal service and there is no indication in the record that they did so. The Emiabatas also have not shown that they effected service by mail in compliance with either state's rules. There is no basis on which to find that Doran Hohl or Haven Soos are designated to receive service of process for the defendants under Tennessee or California law. Moreover, while the summonses are addressed to the defendants in California and Texas (Doc. Nos. 5, 10), the proof of delivery information the Emiabatas submitted shows that two certified mailings were delivered to a location in Oklahoma (Doc. No. 10). Accordingly, Rule 4(h)(1)(A) also is not satisfied.

The Emiabatas have not established proper service on the defendants, and the Court therefore lacks personal jurisdiction over them. Dismissal is appropriate under Rules 12(b)(5) and 12(b)(2). Because dismissal is appropriate on these bases, the Court does not need to address Farmers' alternative argument that venue is not proper in this district.

IV.     **Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Farmers' motion to dismiss (Doc. No. 23) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt

of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 2nd day of December, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge